## Emma C. Fitzwater, Appellant, *v.* Roberts & Co.

*Replevin—Evidence—Question for jury.*

In an action of replevin for a carriage which had been left with defendants as keepers of a livery stable, defendants claimed a right to retain possession of the carriage for storage charges, and also by reason of an agreement that it should remain in their possession as security for a debt due them by the plaintiff's husband for keeping a horse. Both grounds of defence were denied by plaintiff, who asserted that no storage was to be charged, and that no agreement as alleged by defendants had been made. *Held*, that the case was for the jury.

In the above case there was evidence that five months before the writ issued, the plaintiff, after the removal of the horse, authorized defendants to sell the carriage for a price named, and to retain from the money received the amount they claimed to be due by her husband.  The authority was not for an indefinite time, and it was revocable at plaintiff's pleasure.  *Held*, that such an agreement, as it was to sell, and not to retain the carriage, did not defeat plaintiff's right to recover in replevin.

Argued Jan. 8, 1895.   Appeal, No. 240½, Jan. T., 1894, by plaintiff, from order of C. P. No. 3, Phila. Co., June T., 1893, No. 70, entering nonsuit.  Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Replevin for a carriage.   Before FINLETTER, P. J.
The facts appear by the opinion of the Supreme Court.
The court entered a complusory nonsuit which it subsequently refused to take off.

*Error assigned* among others was (3) refusal to take off nonsuit.

*Charles L. Smyth*, for appellant, cited : T. & H. Pr., sec. 1744; MacLinley v. McGregor, 3 Wharton, 370 ; Morris on Replevin, 76 ; act of April 7, 1807, 4 Sm. L. 403 ; McManigle v. Crouse, 34 L. I. 384; Hartshorne v. Seeds, 1 Chester Co. 460 ; Reinoehl v. Organ Co., 6 Lanc. Law Rev. 289.

No argument was made nor paper-book filed for appellee.

OPINION BY MR. JUSTICE FELL, March 4, 1895 :
The plaintiff brought replevin for a carriage which was in the possession of the defendants and had been left with them as keepers of a livery stable.   The defendants claimed a right to retain possession of the carriage for storage charges, and also by reason of an agreement that it should remain in their possession as security for a debt due them by the plaintiff's husband for keeping a horse.

Both grounds of defence were controverted.   It was testified by the plaintiff that the carriage was left with the defendants under an agreement that no charges should be made for storage,

and it was denied by her husband that an agreement had been made that it should be held as security for his debt.

That the plaintiff after the removal of the horse authorized the defendants to sell her carriage for a price named, and to retain from the money received the amount they claimed to be due by her husband, did not defeat her right to recover in the action. This authority was given five months before the writ issued. It was not for an indefinite time, and it was to sell, not to retain the carriage; and if her testimony was correct, it was revocable at her pleasure.

The testimony was not presented in an orderly manner, and was far from being clear or convincing, but we are of opinion that it raised an issue of fact for the jury and that a nonsuit should not have been granted.

The judgment is reversed and a venire de novo awarded.