## Joseph Hendler, Appellant, *v.* J. C. Perkins and Hannah D. Jones, Administratrix of the Estate of William Jones, deceased.

*Replevin for lost chattels—Defenses—Question for jury.*

Where the evidence, although conflicting, tends to show that the owner of lost property had told the finders to care for the same until he called and paid them a sum demanded for rescuing said property from a flood, the consideration, being past services and future care to be performed until the property was removed and settlement made, is sufficient to sustain a contractual lien and the alleged contract being denied the question was for the jury. The defendant's story being believed constituted a defense to an action of replevin brought by the owner.

*Lien—Lost property—Finder has no lien for labor or expenses.*

The finder of lost property is not entitled to a lien where no reward is offered, and it is doubtful whether a finder of lost property can recover for expenses and labor voluntarily bestowed upon the thing found.

Argued Jan. 21, 1897. Appeal, No. 26, Jan. T., 1897, by plaintiff, from judgment of C. P. Luzerne Co., Oct. T., 1890, No. 325, on verdict for defendants. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Replevin. Before WOODWARD, J.

The plaintiff, a contractor engaged in the erection of a bridge across the Susquehanna river at Wilkes-Barre, had in use a new derrick or hoisting apparatus which were carried away by a freshet on July 26th; following the stream on the 27th he found them stopped at a dam lower down. The water being high he fastened the ropes to a railroad tie intending to raise the machinery when the water fell. On the same day defendants found the things and voluntarily set to work to remove and take possession of the same.

The plaintiff alleged that defendants demanded $100 for their service which he refused, offering $25.00.

The defendants testified that on being notified plaintiff expressed satisfaction at the find and at defendants' conduct, and requested them to secure and keep safe the property until he would call upon them, saying that he would pay them $30.00

for their work, but that without further notice or demand he subsequently began his action of replevin.

The trial judge submitted the case to the jury upon the question of appellees' right to retain the property under the evidence of agreement in the nature of a contract for lien.

Verdict and judgment for defendants.   Plaintiff appealed.

*Error assigned* among others was (3) answer to plaintiff's first point.   (Said point and answer are fully set out in the opinion of the Superior Court.)

*John McGahren* and *Gustav Hahn*, for appellant. — The finder of lost property is not entitled to a lien where no reward is offered.   Such a lien would rarely be valuable except as a means of oppression and extortion and therefore the law will never infer its existence either from the agreement of the parties or in furtherance of public convenience or policy : Wilson v. Guyton, 8 Gill (Md.), 213 ; Nicholson v. Chapman, 2 H. Blackstone, 254.

In Etter v. Edwards, 4 Watts, 63, it is considered still an unsettled question whether the finder of lost property can recover a compensation for the labor and expense voluntarily bestowed upon lost property found.

It would be hard indeed to hold that those engaged in building bridges, upon being temporarily deprived of their machinery and appliances in the manner disclosed by the circumstances of this case, could be held responsible to a predatory band for expenses gratuitously incurred by them in seizing the property with a mercenary design and seeking to extort a sum equal to nearly half its value : Etter v. Edwards, 4 Watts, 63.

*Edward A. Lynch*, with him *James T. Lenahan* and *James L. Lenahan*, for appellees.—The evidence made the appellees bailees for hire and gave them a right to retain the property for the amount of their compensation, and they were not bound to restore it until the compensation was paid or tendered : Story on Bailments, sec. 440.

The right to create a lien by contract, where none existed by law is unquestionable: Baker v. Hoag, 7 Barb.; s. c., R. N. Y., 113 ; Cummings v. Gann, 52 Pa. 484 ; Fitzwater v. Roberts & Co.. 166 Pa. 454.

The right is analogous to that exercised by wharfingers or warehousemen for storage charges, established, as we consider in this case by agreement, or by such a state of facts from which the jury had a right to infer an agreement on appellant's part to detain the property until tender or payment of the charges: Steinman v. Wilkins, 7 W. & S. 466: Hoover v. Epler, 52 Pa. 522.

OPINION BY ORLADY, J., April 12, 1897:

In July 1887, Joseph Hendler, a contractor, was engaged in building an iron bridge across the Susquehanna river at Wilkes-Barre, and as part of his construction equipment had a derrick or hoisting machine for raising and lowering heavy stone and other material to be used in the work. The apparatus was fitted with blocks, ropes, chains, etc., the whole being of the value of $250.

On July 26th, a sudden freshet raised the waters in the river eleven feet in three hours, and swept the derrick and appliances down the course of the stream to the dam at Nanticoke, several miles west of Wilkes-Barre, where they sunk to the bottom.

Near this place H. C. Perkins and William Jones were engaged at work, and on the following day were informed that some large body of great weight was in the dam covered by about ten feet of water, and with a number of their employees, after considerable effort, succeeded in getting on the bank, the hoisting apparatus and some rope, and secured them by fastenings and a lock.

They soon after were informed that Mr. Hendler was the owner and notified him of their finding of the property.

This action of replevin was brought to recover the found property from their possession.

On the trial the plaintiff submitted points, the material one being the first, which was divided by the court, affirmed in part and refused in part.

The first:—" The law gives the defendants no lien on the derrick or hoisting machine of the plaintiffs, for their labor on account of taking the same out of the river and placing it on the bank, for the reason that there is no contract relation between the parties and the owner of the property " was affirmed. The remainder of the point:—" and under all the evidence in

the case, the plaintiff is entitled to a verdict for the fair market value of the property appropriated by the defendants, with interest from the time of conversion in July, 1887, to the present time " was refused as stated by the court, " because as we have already said it raises a question of fact, which the jury is to decide from the evidence in regard to the contract alleged by the defendant."

The theory on which the case was tried by the defendants was, that assenting to the contention of plaintiff, that the finding by the defendants was a species of deposit, which as it does not arise ex contractu may be called a quasi deposit, and is governed by the same general rules as common deposits: Schouler on Bailm. 4, 33; that the finder is not entitled to a lien where no reward is offered, and it was admitted that in this case none had been offered; that it is doubtful if a finder of lost property can recover for expense and labor voluntarily bestowed upon the thing found: Etter v. Edwards, 4 Watts, 63; but under the evidence, there was sufficient to warrant the jury in finding, that after the property had been rescued from the flood and secured upon the bank by the defendants, it still required care and attention to preserve and protect it for the owner; that after all the facts were known to the plaintiff he directed them to take good care of it " I want that machine and I will be down in a few days and settle with you for it; " asked, " How much do you want for taking it out? " We said, " Thirty dollars." He said all right, and several days later when the parties were in presence of the property and devising means for returning it to its original location the plaintiff further stated, " Take care of it until I get it away from here, until I settle with you." The defendants had the right to retain the property until paid for its care.

William Jones died soon after and before suit was brought, his widow as his administratrix was joined in the action of replevin, and with Perkins gave bond to the sheriff, when the writ was served on August 12th following. Without the alleged contract the right of the plaintiff was complete, but with it— and there was sufficient evidence to warrant the jury in finding in the defendant's favor—the question assumed an entirely different phase.

If defendants' testimony is to be believed the amount was

fixed at thirty dollars ; the consideration was past services and future care to be performed until the property was removed and settlement made.   These facts were denied by the plaintiff, but the jury was the tribunal to determine that part of the controversy : Fitzwater v. Roberts Co., 166 Pa. 454.

We do not discover any error in this record to warrant a reversal, and the judgment is affirmed.